TERRITORY, ETC., Respondent, *v.* BOARD OF COUNTY COMMISSIONERS OF CASS COUNTY, Appellant.

#### Counties — Officers — Powers.

The board of county commissioners has the power to change the boundaries of the commissioner districts of the county.

(Argued and determined at the February Term, 1888.)

APPEAL from the district court, Cass county; Hon. W. B. McConnell, Judge.

This was a proceeding in *mandamus* by the Territory on the relation of Chas. F. Templeton, attorney-general, plaintiff, against the board of county commissioners of Cass county, defendant, to compel it to recognize the commissioner districts as established

under chap. 33, Special Laws, 1883, as the districts of the county.
It appeared that Cass county was organized in 1873; that on the
28th of March, 1883, the county had been divided into five com-
missioner districts by the commission created under that act; that
on the 23d of September, 1884, the board of county commissioners
of the county finding that the boundaries of districts 4 and 5, in
some instances, conflicted with certain civil township organizations,
which, under section 120, chapter 112, Laws 1883, were made election
precincts, "thus disfranchising legal voters in the choice of their dis-
trict commissioners," changed the boundaries of these two districts;
that on the 3d of January, 1887, said board, at a regular session,
passed a resolution prescribing the boundaries of all of the districts
which were different from those fixed by the commission; that
on the 26th of September, 1887, the July session of the board
having been regularly continued to that time, re-adopted their
resolution of January 3d, as some doubts as to its validity had been
expressed.   At the hearing on the return to the alternative writ,
the court, finding the facts as above, concluded that the action of
the board on the 23d day of September, 1884, the 3d day of Jan-
uary, 1887, and the 26th day of September, 1887, " was, upon each
and all of said occasions, without warrant of law and void" and
that the plaintiff was entitled to a peremptory writ of *mandamus*
commanding said board "to recognize in all of their proceedings
the commissioner districts as limited, bounded and defined by the
resolution and authority of the commission, established, created and
acting under the Special Laws of 1883."

After the entry of final judgment the defendant appealed.

*A. D. Thomas*, for appellant.

The board had the power to change the boundaries of the dis-
tricts.   See §§ 1, 2, chap. 4, L. 1868-9; §§ 1, 2, 3, 4, 6, chap. 27,
L. 1874-5; §§ 4, 15, 16, 18, chap. 21, Pol. C.; chap. 40, L. 1885.
A mere change in the phraseology of these successive statutes
raises no presumption of an intent to change the law.   McDonald
v. Hovey, 110 U. S. 619, 4 Sup. Ct. Rep. 142; State v. MacColl,
9 Neb. 203, 2 N. W. Rep. 213; Fullerton v. Spring, 3 Wis. 667;
Wright v. Oakley, 5 Metc. 400.   From the organization of the
county till the revision in 1877, without question, the commis-

sioners could change the lines of the districts once every three years. It is equally clear their authority was continued by section 4, chapter 21, Pol. C. See, also, § 16, same chap.; §§ 21, 26, chap. 40, L. 1885. There is nothing in chapter 33, Laws 1883, inconsistent with this power. Repeal by implication is not favored. Blain v. Bailey, 25 Ind. 165; Cohill v. State, 37 id. 111; Taylor v. Board, 67 id. 383.

*C. B. Pollock*, for respondent.

After the organization and division of the county the commissioners had no power to change the districts. A county is a body corporate for civil and political purposes only. § 13, chap. 21, Pol. C.; Dill. Mun. Corp. 30, 31; Cooley, Const. L. 295; Treadway v. Schnauber, 1 Dak. 238. Its powers are not so extensive as those of a city. Dill. 30; State v. Commissioners, 25 N. W. Rep. 91. They have only the powers expressly given, and such as are essential to the objects of their creation. Clay Co. v. Simmons, 1 Dak. 391; Vincent v. Nantucket, 12 Cush. 103; State v. Smith, 31 Ia. 494; Minture v. Larue, 23 How. 435; Dill., § 55; Thompson v. Lee, 3 Wall. 327; Logan v. Pyne, 43 Ia. 524. In view of these rules, chapter 21, Pol. C., chapter 33, Special Law 1883, and chapter 40, Laws 1885, are the only sources from which the power claimed can be derived. Chapter 40, Laws 1885, has no application to Cass county. It was intended for the organization of new counties. In the statutes referred to prior to the revision no such power is expressly given, nor is it by section 4, chapter 21, Pol. C. Clearly it is not in express words, nor is it incident to the powers granted, for those are to the "commissioners appointed under this act." The power is not necessary for the purposes of the corporation. Section 16, chapter 21, Pol. C., provides the districts are to "continue as now constituted until changed as provided by law." The manner of such change was afterward provided, chapter 33, Special Laws 1883, this change was had; it was different from that provided by section 4, chapter 21, Pol. C., and all inconsistent acts were repealed, appellant was, therefore, left without power to change the boundaries.

By the Court:

The peremptory writ in this case is set aside, and the action of

the court is reversed upon the ground that the court erred in holding that the board of county commissioners had no power to change the boundaries of the commissioner districts. All of the justices concur.